**In United States District Court**
**For the District of Delaware**

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Complaint |
| v. | CASE NUMBER: 08- 67- M |
| WILLIAM HARRIS, <br> Defendant | |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about <u>March 26, 2008</u>, in the District of Delaware, Defendant WILLIAM HARRIS, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate and foreign commerce a firearm, in violation of Title <u>18</u>, United States Code, Section(s) <u>922(g)(1) and 924(a)(2)</u>.

I further state that I am sworn as a <u>Special Deputy U.S. Marshal and am assigned to the ATF</u> and that this complaint is based on the following facts:

<u>See</u> attached Affidavit

Continued on the attached sheet and made a part hereof:     Yes

_____
Steven Parrott
Special Deputy U.S. Marshal assigned to the ATF

Sworn to before me and subscribed in my presence,

| | | |
|---|---|---|
| March 27, 2008 | at | Wilmington, DE |
| Date | | City and State |

Honorable Mary Pat Thynge
United States Magistrate Judge                             _____
Name & Title of Judicial Officer                           Signature of Judicial Officer

AFFIDAVIT OF STEVEN PARROTT

1. Your affiant is Steven Parrott. Your affiant is a Special Deputy U.S. Marshal and is currently assigned as a Task Force Officer to the Wilmington, Delaware office of the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives. Your affiant has been a police officer for the city of Wilmington, Delaware for ten years. Prior to your affiant's employment with the city of Wilmington, Delaware your affiant was a sworn police officer for ten years working in other states. In all your affiant has twenty years of experience as a sworn police officer. Your affiant has attended and completed training in police/law enforcement academies in the states of Florida, Wyoming and Delaware. Your affiant has received training in the recognition of firearms and the investigation of firearms offenses at all three of these academies as well as regularly attending in-service training throughout your affiant's career. Your affiant has participated in the seizures of over fifty firearms and the investigation of a substantial number of firearm related offenses. In addition your affiant has participated in discussions about the facts and circumstances of firearms offenses with other police officers, including but not limited to local, state and federal officers, specific to their own knowledge, experience and training of such offenses.

2. Unless otherwise noted, the information in this affidavit is based on your affiant's personal knowledge and conversations with officers of the Wilmington, Delaware Police Department and/or a Special Agent of the ATF who is specially trained in the investigation of firearms related incidents and the interstate nexus of firearms.

3. The seizure of all the below listed evidence took place on March 26, 2008, in the city of Wilmington, state and District of Delaware, as stated below to me by one or more Wilmington Police Officers.

4. Your affiant reviewed the criminal history information for the Defendant WILLIAM HARRIS from the Delaware Justice Information System and learned that the defendant has six felony convictions for which he faced incarceration for more than one year. Those felonies are as follows. Robbery 2nd Degree and Possession of a Deadly Weapon During the Commission of a Felony on or about 07/19/2001, Aggravated Menacing on or about 05/05/98, Robbery 1st Degree and Robbery 2nd Degree on or about 04/10/96 and Assault 2nd Degree on or about 09/26/86. All of these convictions were in the New Castle County Superior Court of Delaware.

5. Your affiant spoke to a Wilmington Police Officer hereinafter referred to as Officer 1 and learned the following. Officer 1 was working in uniform in a marked police car with his partner, herein after referred to as Officer 2. Officer 1 stated that he and his partner observed three subjects including the defendant, loitering in the rear yard of a vacant house. Officer 1 and Officer 2 began to approach the group on foot when the defendant immediately turned away from the officers. He took one or two steps in an alley and bent down. Officer 1 saw the defendant put something under a

cinder block before standing back up. Officer 1 stated that he knows, based on his training and experience, that this behavior is common in people who are trying to conceal contraband.

6. Officer 1 told your affiant the following. He ordered the defendant out of the alley and had him sit in a nearby chair. Officer 1 asked the defendant his name and the defendant didn't reply. The defendant then said that his name was Andre Fountain but he couldn't provide a date of birth. Officer 1 placed him into custody and into the back seat of the police car while Officer 2 stood by with the other two subjects. Officer 1 stated that Officer 2 was able to see the cinder block in question the entire time.

7. Officer 1 told your affiant the following. After securing the defendant in the back seat of the police car Officer 1 went into the alley. He located the cinder block that the defendant had concealed the item under and found that the concealed item was a handgun. Officer 1 removed the handgun and took it to the police car. He found that there were five rounds of ammunition in the magazine which was in the firearm and one round of ammunition in the chamber of the firearm.

8. Your affiant also spoke to Officer 2. Officer 2 told your affiant the following. He stated that as he and Officer 1 approached the three subjects he saw the defendant bend down but did not see what he was doing. Officer 2 detained the other two subjects while Officer 1 detained the defendant. Officer 2 stated that he was able to see the section of alley where the defendant had been the entire time and no one else came anywhere near the cinder block in question while they were there.

9. Officer 1 told your affiant the following. Officer 1 read the defendant his Miranda warnings. The defendant said that he understood his rights. Officer 1 began asking him questions about the seized firearm and the defendant repeatedly said that he didn't know what the officer was talking about.

10. Your affiant spoke with the defendant in an interview room in the turnkey area of the Wilmington Police Dept. Your affiant asked the defendant if he had been given his Miranda warnings and he said that he had. Your affiant asked him if he understood that he didn't have to speak to your affiant and he said that he did. Your affiant told the defendant what the other officers had said and that your affiant's primary interest was why the defendant had the gun, specifically whether he had it for criminal use or for protection. He said that it was for protection "because of the way the world is today".

11. Your affiant observed the seized firearm, which was in possession of Officer 2. The firearm is a Valor Corporation .25 caliber semi-automatic handgun. There was no model number visible. The serial number is 11938. The seized firearm contained both a frame and receiver and appeared, in your affiant's opinion, to be operable.

12. Your affiant spoke with an ATF agent expertly trained in the interstate nexus of firearms. That agent stated that the seized firearm was manufactured in a state other than Delaware, meaning the seized firearm would have had to cross state lines prior to its possession in Delaware, thereby affecting foreign and/or interstate commerce.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant did: possess in and affecting interstate and/or foreign commerce, a firearm after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year in violation of Title 18 U.S.C., Section(s) 922(g)(1) and (924)(a)(2).

Steven P. Parrott
Task Force Officer, ATF
Special Deputy U.S. Marshal

Sworn to and subscribed in my presence
this 27 day of March, 2008.

The Honorable Mary Pat Thynge
United States Magistrate Judge