AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of __Delaware__

UNITED STATES OF AMERICA

v.

__William Harris__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 08 6 7M

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X  clear and convincing evidence   X  a preponderance of the evidence: Defendant waived his right to a preliminary hearing and a detention hearing but reserved the right to revisit detention at a later time depending on the evidence which was granted. In addition, there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community under an analysis of § 3142 which warrants defendant's detention:

**Nature of the Offense:** Defendant is charge with possession of a firearm by a convicted felon. This offense falls into the more serious category.
**Strength of the evidence:** The affidavit in support of the criminal complaint shows that defendant was observed hiding an item in a cinder block. When the cinder block was inspected immediately thereafter, a hand gun was removed with 5 rounds of ammunition. After receiving his Miranda rights and confirming that he understood those rights, when asked by the affiant whether the defendant had the gun from criminal use or protection, defendant responded that it was for protection "because of the way the world is today." The firearm is a Valor Corporation .25 caliber semiautomatic handgun which was operable and manufactured in a state other than DE which meant that it had to travel in interstate commerce. As a result of those uncontested facts, the evidence against defendant is substantial in support of the offense.

**Characteristics of defendant:** Defendant is a lifelong resident of the MD-DE communities having living in Wilmington with his sister for the past 4 years. He is unemployed and claims that he has back difficulty due to arthritis. His prior work history before 2007 is very limited. He appears to have a possible alcohol problem since he consumes about two miniatures a day and beer. He has a past history of substance abuse. He has used at least 9 aliases, 2 dates of birth and 2 social security numbers. His criminal history is significant and includes: a pending charge for theft; 2001 possession of a deadly weapon during the commission of a felon and robbery 1st for which he was found in VOP in 2004; possession, use or consumption of a narcotic schedule I controlled substance in June 1999 and found in VOP in December 1999; aggravated menacing with displaying what appears to be a deadly weapon convicted in May 1998 and found in VOP June 1999 and August 2004; robbery 1st involving a crime against a 65 year old or older (2 counts) and assault 3d in 1995 for which he found in VOP in December 1997 and again in June 1999. The above convictions are just the highlights of defendant's extensive criminal career which began in 1973. Although he has family ties, those have not prevented criminal activity by defendant. Further his conduct in attempting to hide the weapon strongly suggests that he was aware that possession by him is illegal.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| April 3, 2008 | *Signature of Judicial Officer* |
|---|---|
| Date | Mary Pat Thynge, Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).