IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 08-058-SLR |
| | ) | |
| WILLIAM HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 14th day of May, 2009, having considered defendant's motion for judgment of acquittal;

IT IS ORDERED that said motion (D.I. 44) is denied for the following reasons:

1. **Background.** On April 10, 2008, defendant William Harris was indicted by a grand jury for possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (D.I. 10) Defendant entered a plea of not guilty. (D.I. 12) At the conclusion of a one-day jury trial, the jury found defendant guilty. (D.I. 42) He has filed a motion for judgment of acquittal to which the government has not filed opposition. (D.I. 44, 48) The court has jurisdiction pursuant to 18 U.S.C. § 3231.

2. **Standard of Review.** Federal Rule of Criminal Procedure 29(c)(1) provides that, following a jury verdict, "a defendant may move for a judgment of acquittal." In ruling on a motion for judgment of acquittal, the court must "view the evidence in the

light most favorable to the verdict, and must presume that the jury has properly carried out its functions of evaluating credibility of witnesses, finding the facts, and drawing justifiable inferences." *United States v. Lacy*, 446 F.3d 448, 451 (3d Cir. 2006). Courts must be "vigilant not to usurp the role of the jury by weighing credibility and assigning weight to the evidence or by substituting its judgment for that of the jury." *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005). The defendant bears a "very heavy burden" when challenging the sufficiency of the evidence supporting a jury verdict, *United States v. Coyle*, 63 F.3d 1239, 1243 (3d Cir. 1995), and "a finding of insufficiency should 'be confined to cases where the prosecution's failure is clear.'" *United States v. Smith,* 294 F.3d 473, 477 (3d Cir. 2002) (quoting *United States v. Leon*, 739 F.2d 885, 891 (3d Cir. 1984)).

3. **Discussion.** The indictment charges that defendant "did knowingly possess in and affecting interstate and foreign commerce, a firearm, that is, a Valor Corporation .25 caliber semi-automatic handgun, serial number 11938 ("the handgun")." (D.I. 10) At trial, ATF Special Agent Diane Iardella testified that the handgun was manufactured in the State of New York in 1971. (D.I. 44) She further testified that the handgun traveled across state lines prior to its recovery on March 26, 2008, in the State of Delaware. (D.I. 48)

4. Under *Scarborough v. United States*, 431 U.S. 563, 566-68 (1977), evidence that a firearm crossed state lines at any time in the past is sufficient to meet the government's burden of proving that the handgun at issue was possessed "in or affecting commerce." *Accord United States v. Singletary*, 268 F.3d 196 (3d Cir. 2001).

Defendant contends, however, that the *Scarborough* holding may be superseded by the more restrictive commerce clause standard applied by the United States Supreme Court in *United States v. Lopez*, 514 U.S. 549 (1995). Further, he argues that, if *Scarborough* is overruled then the evidence at bar is insufficient to prove the interstate commerce element of 18 U.S.C. § 922(g)(1).

 4. **Conclusion.** Considering that *Scarborough* remains binding precedent on this court, there is no merit to defendant's motion for judgment of acquittal.

_____<br>
United States District Judge